*M. C. Edwards, R. R. Jones,* contra.

---

9192. SWEAT *v.* KEYSTONE TYPE FOUNDRY.

BLOODWORTH, J. 1. The court did not err in overruling the demurrer to the petition.

2. Under the facts of this case it was not necessary for the plaintiff to make a demand on the defendant before bringing suit; nor was it necessary that suit be brought "within twelve months after maturity of the last installment of indebtedness."

3. There was no error in the rulings of the court complained of in the 3d ground of the amendment to the motion for a new trial, nor in the refusal of the judge to direct a verdict as complained of therein.

4. Grounds 4 and 7 of the motion for a new trial are but amplifications of the general grounds.

5. The excerpt from the charge complained of in ground 5 of the motion is not objectionable as an "expression of an opinion that plaintiff was entitled to the amount sued for," nor for any other reason urged against it.

6. The charge of the court as to the form of the verdict, as set out in ground 6 of the motion, is not subject to the attack made upon it.

    *Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

DECIDED JULY 10, 1918.

Complaint; from Berrien superior court—Judge Thomas. August 11, 1917.

Keystone Type Foundry (a corporation) sued A. C. Sweat, alleging: (paragraph 2) that the defendant is indebted to the plaintiff in the sum of $447.20 principal, and $142.26 interest, representing balance due on 18 promissory notes, 12 of which are each for $39.20 principal, and 6 for $67.90 principal, and a protested check for $49.74 and $1.50 protest fee, copies of which are attached to the petition; and (paragraph 3) that this indebtedness "accrued under and by virtue of a certain lease contract entered

into between Keystone Type Foundry and A. C. Sweat under date of the 22nd day of March, 1912, by the terms of which petitioner herein leased to A. C. Sweat . . certain property described in said lease for the term of 24 months from the date of said lease, at the rent or hire of $1,682.35 for the use of said property, payable as follows, namely: cash $456.32, and the balance in install- ments payable at the office of A. C. Sweat, Nashville, Ga., as follows: 24 monthly installments of ten notes for $67.90 each, and thirteen notes for $39.20 each, and one note for $37.43, and said lease distinctly providing that no title to said property should pass by said lease, but that upon the faithful performance of all covenants and conditions of said lease, then the lessee should have (but not otherwise) the right to purchase said property upon the prompt payment to the lessor of the sum of $1.00; a complete copy of which lease is hereto attached, made a part of this paragraph and petition," etc. It is alleged that the indebtedness described is past due, and the defendant refuses to pay it; and the petition concludes as follows: "Wherefore your petitioner brings its suit for the purpose of foreclosing its special lien upon said property described in said lease, and obtaining a general judgment against all the property of defendant, and to that end prays process," etc.

The defendant demurred to the petition, on the grounds: (1) that the petition alleges, in the second paragraph, that the indebtedness is a balance due on promissory notes, and in the third paragraph alleges that the defendant is indebted by reason of a lease contract; and it is impossible to tell whether the suit is on the notes or on the contract, and the plaintiff should be required to elect on which it will proceed; and (2) in the prayer of the petition the foreclosure of a special lien is asked; "this prayer should be stricken and denied for the reason that there are no allegations which entitle the plaintiff to a foreclosure of a lien, because the plaintiff should be required to elect whether it is suing on the notes or suing on the contract, or foreclosing a purchase-money lien." The demurrer was overruled.

In the defendant's answer he denied the material allegations of the petition, and he pleaded failure of consideration and sought to recoup damages. The verdict was as follows: "We, the jury, find in favor of plaintiff for $245.00 principal and $105.00 interest, also $49.70 principal, $1.50 protest fees, and 7% on check,

31

also judgment in favor of said lien." The grounds of the amendment to the motion for a new trial were in substance as follows:

1. There is no evidence that a demand was made on the defendant for the balance due under the lease contract, and that he refused to pay.

2. The suit to foreclose the lien was not brought in 12 months after maturity of the last installment of indebtedness, and therefore the plaintiff was not entitled to foreclose its special lien.

3. "Movant contends that it was harmful error for the court to exclude the following motions and overrule each and every one of them." Counsel for the defendant moved that the court direct a verdict for the defendant, because, although the suit was for an amount less than the amount of the notes introduced in evidence, which, according to the plaintiff's pleading, were paid except the amount sued for, no credits were entered on the notes and it was not shown on which notes the indebtedness was due. Counsel for the defendant insisted that the plaintiff elect the notes on which the indebtedness was claimed. The court ruled that in the absence of direction, the payment should go on the first notes, and stated that the jury would be instructed accordingly.

4. The evidence did not authorize the item of $49.74 and protest fees thereon.

5. The court erred in charging the jury as follows: "You will find in favor of the plaintiffs and against the defendant for the amount sued for, and that the lien be foreclosed as prayed, unless you believe from the evidence in the case that the defendant has established, and by the evidence established, that there was a defect in the articles sold and failure of consideration as .pleaded by the defendant."

6. The court erred in charging as follows: "If you find in favor of the plaintiffs the total amount sued for upon the notes, the form of your verdict would be: 'We, the jury, find in favor of the plaintiffs, for so many dollars and cents principal, and so many dollars and cents interest on the notes sued upon; and then you will say by your verdict that you find that the plaintiffs have a special lien as prayed. So your verdict will be either, 'We, the jury, find in favor of the plaintiffs' so many dollars and cents principal, and so many dollars and cents interest on the notes sued for, or, 'We, the jury, find in favor of the plaintiffs'. so many dol-

lars and cents principal, and so many dollars and cents interest on the notes sued for, 'and the plaintiffs have a special lien as prayed;' in any event they would have that, if you find in favor of the plaintiffs." It is contended that this was error because, if the suit was based on the notes, the plaintiff was not entitled to more than a common-law judgment, and would not have the right to foreclose a special lien in this manner of procedure.

7. The verdict was error, for reasons set out.

8. The court erred in not instructing the jury that the burden was on the plaintiff to satisfy them, by a preponderance of testimony, as to the amounts paid by the defendant, and the notes upon which the credits should be placed, thus giving them a method by which they could ascertain the amount, if any, due by the defendant to the plaintiff.

*Hendricks, Mills & Hendricks*, for plaintiff in error.
*W. R. Smith, W. D. Buie*, contra.